IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRENSHAW MEDIA GROUP LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-2204-N |
| | § | |
| ELLIOT DAVIS a/k/a LARRY | § | |
| LAFLAMME, *et al.*, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Crenshaw Media Group LLC's ("CMG") motion for default judgment and permanent injunction [12]. For the reasons set forth below, the Court grants CMG's motion.

### I. ORIGINS OF THE DISPUTE

This is an intellectual property case. CMG alleges that in July 2017, it discovered that Defendant Elliott Davis a/k/a Larry LaFlamme had pirated and posted CMG's protected intellectual property associated with its *Sasquatch Chronicles* podcast series on YouTube without CMG's permission. CMG asserts that, in so doing, Davis violated (1) the Copyright Act, 17 U.S.C. § 101, (2) the Lanham Act, 15 U.S.C. § 1114, and (3) the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202.

Davis was served with a copy of the summons and CMG's amended complaint on January 15, 2018 [8]. Davis was thus required to answer or otherwise respond to CMG's amended complaint by February 5, 2018. FED. R. CIV. P. 12(a)(1)(A)(i). To date, Davis has

not answered CMG's amended complaint, entered an appearance in this action, or otherwise attempted to defend the lawsuit.

On April 4, 2018, CMG requested that the Clerk of Court issue an entry of default [9]. The Clerk of Court issued the entry of default on April 5, 2018 [11]. CMG now moves for entry of a final default judgment and permanent injunction against Davis [12]. The Court grants CMG's motion.

## II. THE COURT GRANTS CMG'S MOTION FOR DEFAULT JUDGMENT

The Court may render default judgment against a party who has not timely filed a responsive pleading or otherwise defended a lawsuit. FED. R. CIV. P. 55(b)(2). "An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied." FED. R. CIV. P. 8(b)(6); *see also Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . ." (citations omitted)). By default, Davis thus admits the well pleaded allegations in CMG's amended complaint. The Court's task is therefore to determine the amount of damages for which Davis is liable.

### A. The Court Grants CMG's Motion for Default Judgment on Its Copyright Infringement Claim

CMG alleges, and Davis by default admits, that Davis violated the Copyright Act when he posted CMG's copyrighted sound recordings associated with its *Sasquatch*

*Chronicles* podcast series on Youtube. CMG asserts that it is entitled to statutory damages for the copyright infringement.

A "copyright owner may elect . . . to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually." 17 U.S.C. § 504(c)(1). In such circumstances, the copyright owner is entitled to damages of no less than $750.00 and no more than $30,000.00 per work. *Id*. In cases of willful infringement, the copyright owner may recover up to $150,000.00 per work. *Id*. § 504(c)(2). "Trial courts have wide discretion in setting damages within this statutory range." *Cross Keys Pub. Co. v. Wee, Inc.*, 921 F. Supp. 479, 481 (W.D. Mich. 1995) (citing *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231–32 (1952)). In determining the amount of statutory damages, courts may consider several factors, including (1) the expenses saved and profits reaped by the infringer in connection with the infringements; (2) the plaintiff's lost revenue; (3) the deterrent value of the award; and (4) the infringer's state of mind – whether willful, knowing, or merely innocent. *Cross Keys*, 921 F. Supp. at 481.

Here, the relevant factors weigh in favor of minimal statutory damages. As an initial matter, the record does not support CMG's allegation that Davis willfully infringed four of CMG's copyrights. The record shows only that CMG reached out to YouTube to request that YouTube remove the infringing material, *see* Compl. Ex. C [5-3], and that Davis responded to YouTube's removal by stating to CMG's counsel that "[a]s far as I know, you are not the copyright owner of this podcast," *id*. Ex. F [5-6]. Davis also ostensibly believed that he was

permitted to use the material, indicating in a communication to YouTube his belief that "[i]f Wes had any problems, he would contact me instead of taking [down] video like this." *Id*. Ex. G [5-7]. The Court thus does not credit CMG's allegations of willful infringement.

With respect to the remaining factors, CMG has not alleged that Davis saved any expenses or reaped any profits in connection with the alleged infringement. Nor has CMG argued that it lost any revenue as a result of Davis' actions. And CMG offers no meaningful argument regarding whether increased statutory damages are necessary to serve a deterrent purpose here. The Court thus awards damages of $750 for each of the four infringed works for a total of $3,000 in statutory damages.

### *B. The Court Grants CMG's Motion for Default Judgment on Its DMCA Claim*

CMG next alleges – and Davis by default admits – that Davis violated the DMCA by intentionally altering or removing copyright management information from CMG's copyrighted works without permission, knowing that the removal would induce, enable, facilitate, or conceal his infringement of CMG's registered work. *See* 17 U.S.C. § 1202(b). CMG seeks statutory damages for Davis' violations.

CMG may recover statutory damages of no less than $2,500 and no more than $25,000 for each of Davis' violations of the DMCA. *See id*. § 1203(c)(3)(B). CMG alleges that Davis violated the DMCA at least 243 separate times when he unlawfully pirated 243 of CMG's registered works. CMG seeks $2,500 per violation in statutory damages. Accepting CMG's well pleaded allegations as true, the Court awards CMG statutory damages of $607,500 in connection with Davis' DMCA violations.

## C. The Court Grants CMG's Motion for Default Judgment on Its Trademark Infringement Claim

Finally, CMG alleges, and Davis by default admits, that Davis violated the Lanham Act when he unlawfully used and published two of CMG's trademarks in a manner that created a likelihood of confusion. *See* 15 U.S.C. § 1114. To succeed on an infringement claim under the Lanham Act, CMG must "first establish ownership in a legally protectable mark, and second, show infringement by demonstrating a likelihood of confusion." *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235–36 (5th Cir. 2010) (alterations and citations omitted). Here, CMG has provided sufficient allegations regarding both its ownership in the legally protectable marks and the likelihood of confusion resulting from Davis' actions. The Court thus grants CMG's motion.

CMG seeks statutory damages for Davis' violations of the Lanham Act. *See* 15 U.S.C. § 1117(c). The Lanham Act provides that a plaintiff may recover "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." *Id*. § 1117(c)(1). If the defendant used the counterfeit mark willfully, the maximum increases to $2,000,000 per mark per type of goods sold, offered for sale, or distributed. *See id*. § 1117(c)(2). Here, CMG seeks $2,000 in statutory damages for each of Davis' two violations of the Lanham Act. But CMG provides no meaningful argument regarding why the Court should award damages beyond the statutory minimum. The Court thus awards CMG $1,000 in statutory damages per each of Davis' violations for a total of $2,000.

### *D. The Court Grants CMG's Motion for Permanent Injunction*

CMG also moves for entry of a permanent injunction enjoining Davis, his agents, and any and all persons in active concert or participation with him from using any of CMG's protected intellectual property at issue in CMG's motion for default judgment. The Court grants CMG's motion.

"A permanent injunction issues to a party after winning on the merits and is ordinarily granted upon a finding of trademark infringement." *Lermer Germany GmbH v. Lermer Corp.*, 94 F.3d 1575, 1577 (Fed. Cir. 1996) (citations omitted). A party seeking a permanent injunction must demonstrate that (1) it has suffered an irreparable injury; (2) legal remedies such as monetary damages would be inadequate to compensate for that injury; (3) the balance of hardships between the plaintiff and defendant favors equitable relief; and (4) the public interest would not be disserved by the entry of a permanent injunction. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (citations omitted). Here, the relevant factors favor the entry of a permanent injunction.

First, CMG argues that it has suffered and, if injunctive relief is not granted, will continue to suffer irreparable harm due to Davis' unauthorized use of its protected intellectual property. Second, CMG asserts that monetary damages would be inadequate to fully compensate it for Davis' actions and the resulting damage to its goodwill. CMG argues that could be required to prosecute a new action each time Davis infringes on its intellectual property and that determining the appropriate amount of monetary damages would be extremely difficult. Third, CMG argues that the balance of hardships favors the entry of a

permanent injunction, as CMG has invested substantial resources over a number of years in developing its intellectual property and goes to great lengths to restrict nonsubscriber access to its podcast. In contrast, CMG notes that Davis has been unlawfully using CMG's copyrighted materials without compensating CMG. CMG thus argues that the potential harm to it in the absence of an injunction outweighs any benefit to Davis from his unlawful activities. Finally, CMG asserts that the entry of an injunction will serve the public interest. *See Quantum Fitness Corp. v. Quantum Lifestyle Centers*, 83 F. Supp. 2d 810, 832 (S.D. Tex. 1999) ("The public interest is always served by requiring compliance with Congressional statutes such as the Lanham Act and by enjoining the use of infringing marks." (citations omitted)). CMG has sufficiently alleged that each of the relevant factors favors the entry of a permanent injunction. The Court thus grants CMG's motion.

### *E. The Court Awards CMG Reduced Attorneys' Fees*

CMG now moves for an award of court costs and $27,312 in attorneys' fees under the Copyright Act or, alternatively, the Lanham Act. The Court holds that a reduced fee award is appropriate and awards CMG $5,000 in attorneys' fees.

The Copyright Act provides that a court may award costs and reasonable attorneys' fees to a prevailing party. 17 U.S.C. § 505. "[I]n copyright cases the award of attorney's fees is 'the rule rather than the exception and should be awarded routinely.'" *La. Contractors Licensing Serv., Inc. v. Am. Contractors Exam Servs., Inc.*, 594 F. App'x 243, 244 (5th Cir. 2015) (quoting *Micromanipulator Co. v. Bough*, 779 F.2d 255, 259 (5th Cir. 1985)). Section 505 "grants courts wide latitude to award fees based on the totality of circumstances

in a case." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016) (citations omitted). When determining whether to award fees under the Copyright Act, courts may consider several nonexclusive factors, including the losing party's "frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence." *Kirtsaeng*, 136 S. Ct. at 1985 (alterations and internal quotation marks omitted).

Examining the totality of the circumstances in this case, the Court holds that a fee award is proper. The Court must next determine the amount of a reasonable award under the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). The twelve *Johnson* factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Considering the *Johnson* factors here, the Court holds that a reduced fee award of $5,000 is appropriate.

## Conclusion

The Court grants CMG's motion for default judgment and permanent injunction. The Court awards CMG statutory damages of $3,000 for Davis' violations of the Copyright Act, $607,500 for Davis' violations of the DMCA, and $2,000 for Davis' violations of the Lanham Act. The Court further awards CMG $5,000 in attorneys' fees.

Signed July 20, 2018.

_____
David C. Godbey
United States District Judge